UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE JONES,

      Plaintiff,

v.

GARY BENGTSON, TROTT LAW P.C.,
and PHH MORTGAGE CORPORATION,

      Defendants.

_____/

Case No. 2:21-cv-10181
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 7, 10)

### I.      Introduction

This is a case involving an alleged wrongful foreclosure. Plaintiff Renee Jones, proceeding *pro se*, filed a complaint naming the following as defendants: (1) Gary Bengtson, an attorney at Trott Law, P.C.; (2) Trott Law P.C., a law firm; and (3) and PHH Mortgage Corporation (PHH). Defendants have filed motions to dismiss in lieu of answers. (ECF Nos. 7, 10). The matter has been referred to the undersigned for all pretrial proceedings. (ECF No. 9). As will be explained, Jones has not responded to defendants' motions and the time for doing so has passed. For the reasons that follow, the undersigned recommends that defendants' motion be GRANTED.

1

II.     Background

In an eleven-page complaint, Jones alleges that her property located at

18943 Huntington Road, Detroit, Michigan was wrongfully foreclosed upon.  (ECF

No. 1, PageID.1).  In addition to wrongful foreclosure, Jones alleges violations of

the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the

Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; breach of contract; violation of

"Federal Trust and Lien Laws";[1] slander of title; slander of credit; and negligent or

intentional infliction of emotional distress.  (*Id.*, PageID.10-11).  Within her breach

of contract claim, Jones admits that on or about March 30, 2007, she obtained a

mortgage loan from American Home Mortgage in the amount of approximately

$54,855.50.  (*Id.*, PageID.6).

Jones alleges that her typical mortgage payment was $620.00, not including

insurance and taxes, and that her mortgage note was sold on multiple occasions,

most recently on June 7, 2019, to PHH.  (*Id.*, PageID.8).  In late 2020, she received

notice from PHH that she was behind on payments, and on December 1, 2020, a

Notice of Default was issued.  (*Id.*).  A non-judicial foreclosure auction was then

---

[1] Jones identifies no statutory or common-law basis for a cause of action based on "Federal Trust and Lien Laws," and the undersigned can identify none that are not subsumed by her other claims.  Thus, this claim will not be considered separately in the Court's analysis below.

2

set for January 21, 2021.  However, as PHH notes in its motion, no foreclosure sale

has occurred to date.  (*Id*.; ECF No. 7, PageID.9).

III.    Legal Standards

When deciding a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6), the Court must "construe the complaint in the light most favorable to

plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605,

608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation

omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(concluding that a plausible claim need not contain "detailed factual allegations,"

but it must contain more than "labels and conclusions" or "a formulaic recitation of

the elements of a cause of action ...").  Facial plausibility is established "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S.

at 678 (citation omitted).  "The plausibility of an inference depends on a host of

considerations, including common sense and the strength of competing

explanations for the defendant's conduct."  *16630 Southfield Ltd., P'Ship v.*

*Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by pro se parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented ... nor may courts construct the Plaintiff's legal arguments for him.... [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

Finally, in ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). *See also Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999); *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). Here, the Court has considered documents relating to the mortgage and the foreclosure which are referenced in the complaint and central to Jones' claims.

4

IV.   Analysis

A.  Jones' Failure to Respond

PHH filed its motion to dismiss on April 1, 2012.  (ECF No. 7).  Bengtson and Trott Law filed their motion on April 5, 2021.  (ECF No. 10).  After the dates under the local rules passed for Jones' response to defendants' motions, the Court entered an order directing Jones to file responses by May 11, 2021.  (ECF No. 13). On that date, Jones filed a paper titled "Violation Warning Denial of Rights Under Color of Law" directed against the undersigned. (ECF No. 17).  The Court entered a second order directing Jones to file responses to defendants' motions by June 14, 2021, noting that the document filed on May 11 was not a proper response to the motions.  (ECF No. 19).  To date, Jones has not filed responses and the time for doing so has long passed.  Thus, the motions are unopposed.

The law in this Circuit is not clear on whether a failure to respond to a motion to dismiss alone constitutes a sufficient ground for granting the motion.  In *Carver v. Bunch*, 946 F.2d 451, 453-54 (6th Cir. 1991), the Sixth Circuit held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute.  The Sixth Circuit has also held that a failure to respond to a motion to dismiss will be grounds for granting the motion.  *See Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, *2

5

(6th Cir. 1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *Humphrey v. United States AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (internal citations and quotations omitted).

Although Jones' failure to respond could be considered a failure to prosecute sufficient to grant defendants' motions to dismiss, the undersigned will instead consider the arguments in favor of dismissal, addressing each of Jones' claims in turn below.

### B.  Wrongful Foreclosure

In her first claim, Jones states that "[t]he foreclosing party did not have standing to execute the power of sale clause in the deed of trust, and therefore the non-judicial foreclosure is void."  (ECF No. 1, PageID.10).  Elsewhere in the complaint, Jones reiterates that the foreclosure "was initiated by a party without standing."  (*Id*., PageID.1).  She further claims that the "original debt was zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange."  (*Id*., PageID.6).

PHH responds that this claim has no basis in Michigan law and that Jones has failed to identify any error or legally cognizable issue regarding the foreclosure

6

sale, which has not yet been completed.  (ECF No. 7, PageID.82).  PHH notes,

correctly, that foreclosure by advertisement is governed by M.C.L. § 600.3204,

under which a party may foreclose a mortgage by advertisement under the

following circumstances:

> (a) A default in a condition of the mortgage has occurred, by which the
> power to sell became operative.
>
> (b) An action or proceeding has not been instituted, at law, to recover
> the debt secured by the mortgage or any part of the mortgage or, if an
> action or proceeding has been instituted, either the action or proceeding
> has been discontinued or an execution on a judgment rendered in the
> action or proceeding has been returned unsatisfied, in whole or in part
> …
>
> (c) The mortgage containing the power of sale has been properly
> recorded.
>
> (d) The party foreclosing the mortgage is either the owner of the
> indebtedness or of an interest in the indebtedness secured by the
> mortgage or the servicing agent of the mortgage.

M.C.L. § 600.3204(1).  Further, "[i]f the party foreclosing a mortgage by

advertisement is not the original mortgagee, a record chain of title must exist

before the date of sale under section 3216 evidencing the assignment of the

mortgage to the party foreclosing the mortgage."  M.C.L. § 600.3204(3).

Jones has not plead a cognizable claim that the foreclosure at issue was

improper or wrongful.  To the extent she claims the mortgage was not valid, this is

undercut by her own admission that she obtained a mortgage loan in the

approximate amount of $54,855.50, (ECF No. 1, PageID.6), as well as the attached

mortgage document from PHH (ECF No. 7-2). *See, e.g., Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (a document referred to in the complaint and central to plaintiff's claim may be submitted by defendant and considered on a motion to dismiss). Similarly, her claim that defendants lack standing to foreclose the mortgage is undercut by her admission that the mortgage was sold "most recently" to PHH, (ECF No. 1, PageID.8), as well as the assignment of mortgage attached to PHH's motion (ECF No. 7-3).

As for Bengston and Trott Law, they note that Trott Law was retained by PHH to conduct the foreclosure, and that Bengston personally had no involvement with the matter. (ECF No. 10, PageID.150). Neither Bengston nor Trott Law can be held liable for any claim based solely on their representation of PHH. "[A]n attorney owes no actionable duty to an adverse party." *Friedman v. Dozorc*, 412 Mich. 1, 20 (1981). "[T]he public policy of maintaining a vigorous adversary system outweighs the asserted advantages of finding a duty of due care to an attorney's legal opponent." *Id.* at 25. Further, "[M.C.L. § 600.3204] does not preclude an owner or servicing agent from acting through legal representation. *Knight v. Bank of Am. Corp.*, No. 344919, 2019 WL 6799730, at *4 (Mich. Ct. App. Dec. 12, 2019), *appeal denied,* 506 Mich. 917 (2020). Thus, Jones has not stated a cognizable claim for wrongful foreclosure against any defendant.

C.  FDCPA

Jones' next claim is that defendants acted in violation of the FDCPA.  She alleges that Bengston and Trott Law did not meet FDCPA requirements to act as debt collectors, and that PHH violated the FDCPA while acting as a debt collector. (ECF No. 1, PageID.2).

A plaintiff bears the burden of establishing that a defendant is a debt collector under the FDCPA.  *Golliday v. Chase Home Finance, LLC*, 761 F. Supp. 2d 629, 635 (W.D. Mich. 2011).  Under *Glazer v. Chase Home Fin. LLC*, a loan servicer is not a debt collector when it obtains a loan for servicing *before* default. 704 F.3d 453, 457 (6th Cir. 2013) (abrogated on other grounds).

As PHH correctly notes, Jones fails to assert in the complaint that PHH acquired the loan while it was in default.  Indeed, the complaint alleges that PHH acquired the loan on June 7, 2019, and did not tell Jones that she was in default until late 2020.  (ECF No. 1, PageID.8).  Thus, Jones has failed to state a claim against PHH for violation of the FDCPA.

As for Bengtson and Trott Law, the Supreme Court has recently held that lawyers and law firms that engage in nonjudicial foreclosure proceedings on behalf of others for the enforcement of security interests are not debt collectors under the primary definition in the FDCPA.  *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019).  Only one facet of the term 'debt collector' applies to such

entities under the FDCPA: "For the purpose of section 1692f(6) of this title, [debt collector] also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."  15 U.S.C. § 1692a(6).  Section 1692f(6), the only section that applies to lawyers and law firms engaged in nonjudicial foreclosures, prohibits:

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
>
> > **(A)** there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> >
> > **(B)** there is no present intention to take possession of the property; or
> >
> > **(C)** the property is exempt by law from such dispossession or disablement.

Jones has not specifically pled a violation of section 1692f(6) or any of its prohibitions.  Instead, she alleges that the "law firm, or the attorney, did not meet the requirements mandated in the [FDCPA] necessary to be a legal debt collector." (ECF No. 1, PageID.2).  She also alleges that the "defendant violated the FDCPA, including **misrepresentation, fraud, harassment, unfair means, and deception to collect a debt.**"  (*Id*., PageID.1) (bold in original).  As these claims do not align with the only provision that would be applicable to Bengston and Trott Law, the complaint does not allege a viable claim against them for violation of the FDCPA.

10

D.  Truth in Lending Act

Jones briefly alleges that Bengston specifically violated "Regulation Z" (12

C.F.R. § 226.23) of the Truth in Lending Act, "which states that the security

agreement signed with a lender can be rescinded if they have not provided the

proper disclosures."  (ECF No. 1, PageID.2).  It is unclear what role Bengston

would have played in Jones receiving the proper disclosures, given that he is an

attorney with the law firm engaged to effect the foreclosure on Jones' property.

Jones also alleges that Bengston does not have a license to practice law, that

"lawyers and attorneys are NOT licensed to practice law," and that Bengston

misrepresented himself to the court as a licensed attorney.  (*Id*., PageID.2-3).

These are not violations of the Truth in Lending Act, and Jones has not identified

which provision of any act would entitle her to relief were these allegations true.

To the extent that the Truth in Lending Act would be applicable, it would

relate to material disclosures (which are "the required disclosures of the annual

percentage rate, the finance charge, the amount financed, the total of payments, the

payment schedule, and the disclosures and limitations referred to in §§ 226.32(c)

and (d) and 226.35(b)(2)," 12 C.F.R. § 226.23(a)(3)) made upon commencement of

the mortgage agreement, which began in March 2007 according to the complaint.

(ECF No. 1, PageID.8).  Regulation Z allows for rescission of a credit transaction

such as a mortgage agreement within three days of receiving such material

11

disclosures, or within three years after consummation of the transaction if material disclosures are not delivered.  12 C.F.R. § 226.23(a)(3).  Thus, any claim for rescission would have expired before the claim was brought.

Overall, Jones has not asserted a plausible claim under the TILA against Bengston or any other defendant.

### E.  Breach of Contract

In her breach of contract claim, Jones alleges that she "obtained a mortgage loan from AMERICAN HOME MORTGAGE, in the approximate amount of $54,855.50," and that she "was never provided a loan; the original debt was actually zero because the plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange."  (ECF No. 1, PageID.6).  Jones goes on to allege that her "promissory note never became a registered security … because, for commercial instruments to be legal tender, they must be secured by a maritime lien on a prepaid trust account recorded at the county and registered on a UCC-1."  (*Id*., PageID.7).  "It then becomes a registered security and a financial asset that can be negotiated."  (*Id*.).  "The defendants further complicated the fraudulent process by selling their payables to another entity to remove it from their balance sheet."  (*Id*.).

To plead a breach of contract claim under Michigan law, a plaintiff must allege: (1) the existence of a contract between the parties; (2) the terms of the

12

contract; (3) that defendant(s) breached the contract; and (4) that the breach caused

his or her injury. *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th

Cir. 1999).

It is unclear which of these allegations constitutes a breach of contract on

behalf of any defendant.  Beyond that, Jones' attempt to undermine the validity of

the mortgage agreement is unsupported.  "Attempts to base claims on the

securitization of a mortgage and the alleged separation of the mortgage and note

have not been well received by courts around the country." *Keyes v. Deutsche*

*Bank Nat. Tr. Co.*, 921 F. Supp. 2d 749, 762-763 (E.D. Mich. 2013) (citing *Leone*

*v. Citigroup,* No. 12–10597, 2012 WL 1564698, at *4 (E.D. Mich. May 2,

2012) (collecting cases); *Mitchell v. Mortgage Electronic Registration Systems,*

*Inc.,* No. 1:11–cv–425, 2012 WL 1094671, at *3 (W.D. Mich. Mar. 30, 2012);

*Bhatti v. Guild Mortg. Co.,* No. C11–0480JLR, 2011 WL 6300229, at *5 (W.D.

Wash. Dec. 16, 2011) ("Securitization merely creates a separate contract, distinct

from the Plaintiffs' debt obligations under the Note, and does not change the

relationship of the parties in any way."); *Nelson v. BAC Home Loans Servicing,*

*L.L.P.,* No. 11–14433, 2012 WL 2064383, at *4 (E.D. Mich. June 7, 2012);

*Marrocco v. Chase Bank, N.A.,* No. 12–10605, 2012 WL 3061031, at *3 (E.D.

Mich. July 26, 2012); *Kiefer v. ABN AMRO,* No. 12–10051, 2012 WL 3600351, at

*4 (E.D. Mich. June 12, 2012).  Jones' breach of contract claim fails, as she has

13

not satisfied the elements of a breach or stated a claim that the mortgage is invalid or unenforceable.

### F.  Slander of Title

In her slander of title claim, Jones alleges that "defendants have caused the recording of various documents including a Notice of Trustee Sale which has impaired the plaintiff's title which constitutes slander of title."  Slander of title claims in Michigan "have both a common-law and statutory basis."  *B & B Inv. Grp. v. Gitler,* 229 Mich. App. 1, 8 (1998).  A plaintiff must prove the same three elements for both a common-law slander of title claim and a claim under M.C.L. § 565.109: "falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages."  *Id.* at 9.  "In Michigan, special damages have been recognized to include litigation costs, impairment of vendibility, and loss of rent or interest."  *Keyes*, 921 F. Supp. 2d at 762 (citing *B & B Inv. Grp.*, 229 Mich. App. at 9).

Assuming the allegations of the complaint to be true, Jones has not pled any facts that could lead to an inference of malice on behalf of any defendant, which is fatal to her claim.  *See Glieberman v. Fine*, 248 Mich. 8, 12 (1929) ("In fact, malice is the gist of the claim, which cannot be maintained, if the bank's claim under the mortgage was asserted in good faith, upon probable cause, or was prompted by a reasonable belief that Fine had rights in the real estate in question

which he might mortgage or convey to it by way of security for his indebtedness thereto.").  The complaint also lacks allegations of special damages resulting from defendants' actions, another necessary component of the slander of title claim.  As such, this claim is subject to dismissal.

### G.  Slander of Credit

Jones contends that "the actions and inactions of the defendants have impaired [her] credit."  (ECF No. 1, PageID.11).  She states elsewhere in the complaint that "[t]he wrongful foreclosure has caused negative effects on plaintiff's credit report."  (*Id*., PageID.4).

PHH correctly notes that the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681 *et seq*., "preempts state common law claims involving a furnisher's reporting of information to consumer reporting agencies."  *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 519 (6th Cir. 2019) (interpreting section 1681t(b)(1)(F) of the FCRA, which states that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]").  This alone requires dismissal of Jones' slander of credit claim, as any common law or statutory basis for such a claim has been preempted by the FCRA, of which Jones does not allege a violation.  Moreover, a liberal read of the complaint to include a FCRA claim does

Jones no favors, as the Sixth Circuit "has repeatedly held that consumers must file a dispute with a consumer reporting agency" before asserting a private cause of action. *Scott*, at 517 (citing cases). As Jones has not alleged the filing of such a dispute, any claim under the FCRA fails to state a plausible claim.

## H.  Infliction of Emotional Distress

 Lastly, Jones alleges that the "defendants have intentionally or negligently taken actions which have caused the plaintiff[] severe emotional distress." (ECF No. 1, PageID.11).

To sustain a claim for infliction of emotional distress (IIED) a plaintiff must allege: (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress. *Chungag v. Wells Fargo Bank, N.A.*, 489 F.App'x 820, 824-25 (6th Cir. 2012). A defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* "Under Michigan law, damages for emotional distress are not recoverable in breach of contract or foreclosure actions." *Roche v. Citimortgage, Inc.*, No. 14-CV-11424, 2016 WL 5661580, at *9 (E.D. Mich. Sept. 30, 2016) (citing *Kewin v. Massachusetts Mut. Life Ins. Co.*, 409 Mich. 401, 415 (1980); *Robbins v. Mortgage Elec. Registration Sys., Inc.*, No. 1:09-CV-295, 2009 WL 3757443, at *8 (W.D. Mich. Nov. 9, 2009).

16

Here, Jones' allegations against defendants stem from the alleged wrongful foreclosure and breach of contract, and she has identified no other outrageous behavior on behalf of any defendant.  Thus, she has not plead a viable claim for IIED.

Nor can Jones sustain a claim for negligent infliction of emotional distress (NIED).  The elements of negligent infliction of emotional distress are:

> (1) serious injury threatened or inflicted on a person, not the plaintiff, of a nature to cause severe mental disturbance to the plaintiff, (2) shock by the plaintiff from witnessing the event that results in the plaintiff's actual physical harm, (3) close relationship between the plaintiff and the injured person (parent, child, husband, or wife), and (4) presence of the plaintiff at the location of the accident at the time the accident occurred or, if not presence, at least shock "fairly contemporaneous" with the accident.

*Hesse v. Ashland Oil, Inc.,* 466 Mich. 21, 34 (2002).  Michigan has refused "to apply the tort of negligent infliction of emotional distress beyond the situation where a plaintiff witnesses negligent injury to a third person and suffers mental disturbance as a result."  *Duran v. The Detroit News,* 200 Mich.App. 622, 629 (1993) (emphasis added).  Here, where "[u]nder no circumstances could plaintiff's complaint be construed as alleging that [s]he witnessed harm to a third person and suffered mental disturbance as a result," As such, Jones' NIED claim should be dismissed for failure to state a claim.  *See Samberg v. Detroit Water & Sewer Co.,* No. 14-CV-13851, 2015 WL 2084682, at *3 (E.D. Mich. May 5, 2015).

V.    Conclusion

Accordingly, for the reasons stated above, the undersigned recommends that

defendants' motions to dismiss (ECF Nos. 7, 10) be **GRANTED** and the case be

dismissed.

Dated: August 3, 2021                      s/Kimberly G. Altman
Detroit, Michigan                          KIMBERLY G. ALTMAN
                                           United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation.  Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 3, 2021.

s/Marie E. Verlinde
MARIE E. VERLINDE
Case Manager

19