UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE JONES,

        Plaintiff,                        Case Number 21-10181

v.                                             Honorable David M. Lawson
                                                 Magistrate Judge Kimberly G. Altman

GARY BENGSTON, TROTT LAW P.C.,
and PHH MORTGAGE CORP.,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING THE DEFENDANTS' MOTIONS TO DISMISS

Presently before the Court is the report issued on August 3, 2021 by Magistrate Judge Kimberly G. Altman pursuant to 28 U.S.C. § 636(b), recommending that the Court grant the defendants' motions to dismiss. In response to the report and recommendation, the plaintiff filed papers captioned as a "notice of claim" against Judge Altman (ECF No. 24), as well as a notice purporting to recuse Judge Altman from the case (ECF No. 23). The Court reviewed the filings and finds that they are impertinent papers subject to being stricken from the record. The "notice of claim" is construed as a complaint, which is a pleading, *see* Fed. R. of Civ. P. 7(a), that may be struck from the record under Federal Rule of Civil Procedure 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act . . . on its own."). The purported recusal notice is an "other paper," *see* Fed. R. of Civ. P. 11(b), which may be struck because it was filed for an improper purpose, *see id.* 11(b)(1), and because the Court has the inherent power to control its own dockets, *see Anthony v. BTR Auto. Sealing Sys.*, 339 F.3d 506, 516 (6th Cir. 2003).

The plaintiff's misbegotten attempt to use the filings to make new claims against Judge Altman also amounts to an attempt to amend her complaint.  However, at this stage of the case, "a party many amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The plaintiff has not received leave from the Court or the defendants to file.  The Court will strike the impertinent and improper filings.

The deadline for filing objections to the report has passed, and the plaintiff has filed no specific objections beyond the impertinent and improper filings.  Those filings cannot be read fairly as objections to the report, because they take no issue with any of the findings or conclusions of the magistrate judge.

If the Court generously construes the plaintiff's "notice of claim" as a general objection to the magistrate judge's authority to file the report at all, the Court must reject that argument because is it contrary to law.  Judge Altman did not *dismiss* the case; she *recommended* that the case be dismissed.  The difference in those two actions can be found in the Magistrate Judge's Act, which states that a magistrate judge may not "determine" a motion to dismiss, but the magistrate judge may hear such motions and "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of the motion.  28 U.S.C. § 636(b)(1)(A), (B).  Magistrate Judge Altman's actions fell well within statutory authority.

The plaintiff's failure to file any *specific* objections to the report and recommendation waives any further right to appeal.  *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the matter.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  However, the Court agrees with the findings and conclusions of the magistrate judge.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 22) is **ADOPTED**.

It is further **ORDERED** that the defendants' motions to dismiss (ECF Nos. 7, 10) are **GRANTED**.

It is further **ORDERED** that the complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the plaintiff's notice of recusal (ECF No. 23) and notice of claim (ECF No. 24) are **STRICKEN**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 3, 2021